UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>HOWARD E. MOSLEY,<br><br>        Defendants. | No. 2:22-cv-0086 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 5. This proceeding was referred a magistrate judge by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the undersigned will recommend that plaintiff's motion to proceed in forma pauperis be denied as moot, and this action be summarily dismissed pursuant to principles of res judicata.

    I.    RELEVANT PROCEDURAL HISTORY

On December 8, 2021, plaintiff's complaint in Miller v. Mosely, No. 2:21-cv-0052 TLN KJN P ("Mosely I") was docketed. See Mosley I, ECF No. 1. Thereafter, on January 14, 2022, the instant complaint in Miller v. Mosely, No. 22-cv-0086 AC P ("Mosley II") was docketed. See

////

Mosley II, ECF No. 1.  A comparison of the complaints in both cases reveals that they are virtually identical in content.

On January 13, 2022, the magistrate judge assigned to Mosley I screened the complaint and found that its sole claim was without merit.  See Mosley I, ECF No. 6 at 4.  Plaintiff was given thirty days to amend.  See id. at 5.  Because plaintiff did not amend the complaint, on February 18, 2022, the magistrate judge recommended that the case be dismissed.  Mosley I, ECF No. 10.  On June 3, 2022, the district judge adopted the findings and recommendations, issued a judgment, and the matter was closed.  Mosley I, ECF Nos. 11, 12.

## II. DISCUSSION

The legal doctrine of res judicata, or claim preclusion, bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits.  United States v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011).  Res judicata applies where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.  Howard v. City of Coos Bay, 871 F.3d 1032, 1039 (9th Cir. 2017); see Furnace v. Giurbino, 838 F.3d 1019, 1023 (9th Cir. 2016) (citations omitted).

All three elements are present here.  Defendant Mosley is the sole defendant in each case.  Compare Mosley I, ECF No. 1 at 1-2, with Mosley II, ECF No. 1 at 1-2.  The sole claim in each case is that Mosley made unexpected excuses and deliberately stalled so that state officials could get away with violating policy related to plaintiff's offender classification.  Compare Mosley I, ECF No. 1 at 3, with Mosley II, ECF No. 1 at 3.  There is thus complete privity of parties and an identity of claims in the two actions.  Finally, a "final judgment on the merits" undeniably issued in Mosley I—the complaint was screened and found not to state a claim, then dismissed and judgment was entered.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (dismissal for failure to state claim constitutes judgment on merits).

Accordingly, res judicata bars the instant action and the Mosley II complaint must be summarily dismissed.  Because plaintiff was already assessed the filing fee in the identical Mosley I case (see Mosley I, ECF Nos. 6-7), the undersigned recommends in the interests of justice that the pending application to proceed in forma pauperis be denied as moot.

1    Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a
2 United States District Judge to this action.
3    IT IS FURTHER RECOMMENDED that:
4    1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED as moot,
5 and
6    2.  This matter be DISMISSED with prejudice.
7    These findings and recommendations are submitted to the United States District Judge
8 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
9 after being served with these findings and recommendations, any plaintiff may file written
10 objections with the court.  Such a document should be captioned "Objections to Magistrate
11 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within
12 the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
13 F.2d 1153 (9th Cir. 1991).
14 DATED: June 14, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE